## BARNET *against* HOPE.

*PHILLIPS* for the defendant, obtained a rule to shew cause, why the proceedings under a rule of arbitration in this case should not be set aside.

The writ was returnable to *July* 1812. On the 30th of *June* 1812, the plaintiff declared his intention to have arbitrators appointed on the 11th of *July*. On that day they were appointed to meet at a certain place and hour on the 20th of *July;* but in consequence of an arrangement between the plaintiff's counsel, and the arbitrators, another time and place were fixed, at which the defendant refused to attend, and no further proceedings were had.

On the 22d of *July* 1812, a second rule of reference was entered by the plaintiff, and served on the defendant; arbitrators were chosen *ex parte* on the 1st of *August*, and on the 8th of *September*, an award was filed in favour of the plaintiff, the defendant not having attended.

*Heatley* for plaintiff.

PER CURIAM. The Court are of opinion that the proceedings under the second rule were irregular. The plaintiff having acted under the first rule, could not enter a second until the first was discharged by order of the Court. Let the rule be made absolute.

Rule absolute.